# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARTH JASON GUMIENNY, Inmate Booking No. 972164<br><br>Plaintiff,<br><br>vs.<br><br>EARL GOLDSTEIN, Medical Director San Diego County Sheriff's Department; WILLIAM GORE, San Diego County Sheriff,<br><br>Defendants. | Civil No.   09cv2800 JM (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)** |

    Garth Jason Gumienny ("Plaintiff"), currently incarcerated at the George Bailey Detention Facility located in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

///

**I.    MOTION TO PROCEED IFP**

    All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action

may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.  Sua Sponte Screening per 28 U.S.C. §§ 1915(e) and 1915A

The PLRA's amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]

accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

**A.    42 U.S.C. § 1983**

To state a claim under § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that conduct violated a right secured by the Constitution and laws of the United States. *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

**B.    Inadequate medical care claims**

In his Complaint, it is unclear whether Plaintiff is a pre-trial detainee or whether he is serving a sentence following a criminal conviction. The Ninth Circuit has noted that while different Constitutional

provisions may be applied dependent on whether a plaintiff's claim arise before or after conviction, a "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf. Gibson v. County of Washoe*, 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the Court generally looks to Eighth Amendment cases when reviewing conditions of confinement claims raised by pretrial detainees under the Fourteenth Amendment, "[i]t is quite possible ... that the protections provided pretrial detainees by the Fourteenth Amendment in some instances exceed those provided convicted prisoners by the Eighth Amendment."); *see also Lolli v. County of Orange*, 351 F.3d 410, 419 n.6 (9th Cir. 2003) (quoting *Gibson*, 290 F.3d at 1188 n.10).

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice constitutes a constitutional violation. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, i.e., one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Here, Plaintiff names as the only Defendants the Medical Director and the San Diego Sheriff. However, neither of these Defendants are alleged to have direct knowledge of Plaintiff's medical condition. In fact, Plaintiff alleges that he was examined by more than one Doctor at the facility and prescribed pain medication by these physicians. (*See* Compl. at 4-5.) While he does allege that other jail officials refused to fill these prescriptions, Plaintiff does not name these Defendants in his Complaint. Plaintiff also alleges that he has requested to be examined by an Orthopedic Surgeon but jail medical officials have refused to refer him to a specialist. (*Id.*) However, a mere difference of opinion between an inmate and prison medical

personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff names only the Sheriff for San Diego County and the Medical Supervisor as Defendants. Neither of these Defendants are alleged to have direct knowledge of Plaintiff's medical condition.. Thus, Plaintiff cannot show that either the Medical Supervisor or the Sheriff for the County of San Diego had a "sufficiently culpable" state of mind to state a "deliberate indifference" claim. *Wilson*, 501 U.S. at 302.

///

Accordingly, Plaintiff's Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § § 1915(e)(2) & 1915A(b)(1).

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2) The Watch Commander, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3) The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, California 92158.

**IT IS FURTHER ORDERED** that:

(4) Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** sixty (60) days leave from the date this Order is filed in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not

1  named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v.*
2  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

3  / / /

4  Further, Plaintiff is cautioned that should he elect not to amend, or if his Amended Complaint still
5  fails to state a claim upon which relief may be granted, the dismissal of this action may hereafter be counted
6  as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79
7  (9th Cir. 1996).

9  DATED: February 16, 2010

10  _____
11  Hon. Jeffrey T. Miller
    United States District Judge